UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NORMAN KOFY GYAMFI, INSIGNIA HOLDING COMPANY, INC., AND INSIGNIA ASSETS, LLC,<br><br>    *Plaintiffs,*<br><br>v.<br><br>ANTHONY BROWN, AND UNSEEN VOICES, INC.,<br><br>    *Defendants.* | Case No. 26-cv-265 (JAV) |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION BY ORDER TO SHOW CAUSE TO REMAND TO STATE COURT

**REED SMITH LLP**
599 Lexington Avenue
New York, New York 10022
(212) 549-0400

*Attorneys for Plaintiffs Norman Kofy Gyamfi,*
*Insignia Holding Company, Inc., and Insignia Assets, LLC*

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS .......................................................................................................... 2

I. PARTIES ............................................................................................................................ 2

II. RELEVANT FACTUAL BACKGROUND ....................................................................... 3

    A. The State Court Action ............................................................................................ 3

    B. The Georgia Action .................................................................................................. 4

    C. The Removal ............................................................................................................ 5

ARGUMENT ................................................................................................................................ 5

I. THE ACTION SHOULD BE REMANDED TO STATE COURT BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION .................................................. 5

    A. Diversity of Citizenship Does Not Exist Because certain Plaintiffs and Brown are Citizens of Georgia ................................................................................ 6

    B. Diversity of Citizenship Does Not Exist Because Insignia Assets, LLC is a Citizen of Tennessee ................................................................................................ 8

II. THE COURT SHOULD REMAND THIS ACTION BECAUSE BROWN HAS NOT CONSENTED TO THE REMOVAL ........................................................................ 9

III. THE COURT SHOULD REMAND THIS CASE ON AN EXPEDITED BASIS, AND AWARD ATTORNEYS' FEES, BECAUSE REMOVAL WAS FACIALLY IMPROPER AND NOT DONE IN GOOD FAITH ......................................................... 11

CONCLUSION ........................................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abdelhamid v. Altria Group, Inc.*,
   515 F. Supp. 2d 384 (S.D.N.Y. 2007) ...................................................................................... 12

*Agoliati v. Block 865 Lot 300 LLC*,
   No. 22-51, 2023 U.S. Appx. LEXIS 2011 (2d Cir. Jan. 26, 2023) ........................................ 5, 7

*Ankura Consulting Grp., LLC v. Mohammad Mortazavi*,
   No. 22-CV-2385 (VSB), 2022 U.S. Dist. LEXIS 147595 (S.D.N.Y. 2022) .............................. 6

*Bedminister Fin. Group, Ltd. v. Umami Sustainable Seafood*,
   No. 12-CV-5557 (JPO), 2013 U.S. Dist. LEXIS 42678 (S.D.N.Y. Mar. 26,
   2013) ....................................................................................................................................... 10

*Chassen v. Simpson*,
   No. 25-CV-2373 (JHR), 2025 U.S. Dist. LEXIS 101131 (S.D.N.Y. May 28,
   2025) ....................................................................................................................................... 10

*Circle Indus. USA, Inc. v. Parke Constr. Group, Inc.*,
   183 F.3d 105 (2d Cir. 1999) ................................................................................................... 12

*Dela Rosa v. 610-620 W. 141 LLC*,
   No. 08-CV-8080 (PKL), 2009 U.S. Dist. LEXIS 55058 (S.D.N.Y. June 24,
   2009) ....................................................................................................................................... 12

*Palazzo ex rel. Delmage v. Corio*,
   232 F.3d 28 (2d Cir. 2000) ....................................................................................................... 7

*Domino A LLC v. Accredited Sur. & Cas. Co.*,
   No. 23-CV-10919 (JLR), 2024 U.S. Dist. LEXIS 22622 (S.D.N.Y. Jan. 2,
   2024) ....................................................................................................................................... 10

*Everett v. Tapestry (New York)*,
   No. 24-CV-09275, 2024 U.S. Dist. LEXIS 222597 (S.D.N.Y. Dec. 9, 2024) ........................ 10

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*,
   545 U.S. 546 (2005) .................................................................................................................. 9

*Fields v. Tra Dam Trucking LLC*,
   No. 24-cv-7526 (MKV), 2025 U.S. Dist. LEXIS 83477 (S.D.N.Y. May 1,
   2025) ....................................................................................................................................... 11

*Glob. Montello Grp. Corp. v. Nor-Bronx River, Inc.*,
   No. 25-CV-6186 (JAV), 2025 U.S. Dist. LEXIS 263859 (S.D.N.Y. Dec. 22,
   2025) ................................................................................................................................6

*Hertz Corp. v. Friend*,
   559 U.S. 77 (2010) ............................................................................................................8

*Landesbank Baden-Wurttemberg v. Capital One Fin. Corp.*,
   954 F. Supp. 2d 223 (S.D.N.Y. 2013) ...............................................................................6

*Maxwell v. Velasquez*,
   No. 22-CV-9431 (VSB), 2023 U.S. Dist. LEXIS 60202 (S.D.N.Y. Apr. 5,
   2023) ................................................................................................................................6

*In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*,
   488 F.3d 112 (2d Cir. 2007) ..............................................................................................5

*Mills 2011 LLC v. Synovus Bank*,
   921 F. Supp. 2d 219 (S.D.N.Y. 2013) ............................................................................6, 9

*Morgan Guar. Trust Co. v. Republic of Palau*,
   971 F.2d 917 (2d Cir. 1992) ............................................................................................12

*NY Communities for Change v County of Nassau*,
   No. 24-cv-8779 (JMA) (LGD), 2024 U.S. Dist. LEXIS 234825 (E.D.N.Y.
   Dec. 31, 2024) ................................................................................................................11

*Pietrangelo v. Alvas Corp.*,
   686 F.3d 62 (2d Cir. 2012) ................................................................................................9

*Rodriguez v. Metro Transp. Auth.*,
   25-CV-6717 (AKH), 2025 U.S. Dist. LEXIS 256075 (S.D.N.Y. Dec. 10,
   2025) ..............................................................................................................................10

*Shad v. Zachter PLLC*,
   No. 23-CV-10724, 2024 U.S. Dist. LEXIS 225641 (S.D.N.Y. Dec. 13, 2024) .................6

*Silas v. UPS*,
   2024 U.S. Dist. LEXIS 119518 (S.D.N.Y. Jul. 8, 2024) .................................................10

*Style Stitch, Inc. v. Avyan Grp. LLC*,
   No. 23-CV-10701 (MKV), 2025 U.S. Dist. LEXIS 187058 (S.D.N.Y. Sept.
   23, 2025) ..........................................................................................................................5

*Taylor v. Medtronic, Inc.*,
   15 F.4th 148 (2d Cir. 2021) ..............................................................................................9

*United Food & Com. Workers Union, Local 919 v. Centermark Props. Meiden Square*,
   30 F.3d 298 (2d Cir. 1994) ......................................................................................... 6

*Village of Kiryas Joel v. Village of Woodbury*,
   No. 11-CV-8494 (ER), 2012 U.S. Dist. LEXIS 44312 (S.D.N.Y. Mar. 29, 2012) ......................................................................................................................... 9

*Wilds v. IPS*,
   262 F. Supp. 2d 163 (S.D.N.Y. 2003) ........................................................................ 5

**Statutes**

28 U.S.C. § 1332 ..................................................................................................................... 1

28 U.S.C. § 1332(a) ................................................................................................................ 5

28 U.S.C. § 1332(c) ............................................................................................................ 6, 9

28 U.S.C. § 1441 ..................................................................................................................... 1

28 U.S.C. § 1446 ................................................................................................................... 11

28 U.S.C. § 1446(a) .............................................................................................................. 12

28 U.S.C. § 1446(b)(2) ........................................................................................................... 9

28 U.S.C. § 1446(b)(2)(A) ...................................................................................................... 1

28 U.S.C. § 1447 ..................................................................................................................... 1

28 U.S.C. § 1447(c) .......................................................................................................... 5, 12

**Rules**

Fed. R. Civ. P. 11 .................................................................................................................. 12

Plaintiffs Insignia Holding Company, Inc. ("Insignia Holding"), Insignia Assets, LLC ("Insignia Assets"), and Norman Kofi[1] Gyamfi ("Gyamfi" and collectively, "Plaintiffs") respectfully submit this Memorandum of Law in support of their Motion by Order to Show Cause to Remand to State Court pursuant to 28 U.S.C. § 1447.

## PRELIMINARY STATEMENT

The removal of this action was baseless and designed to delay Plaintiffs' state court enforcement of binding restrictive covenants and confidentiality provisions, which are contained in a negotiated settlement agreement among Plaintiffs, Insignia Holding, and Gyamfi, and Defendant, Anthony Brown (the "Settlement Agreement"), against Defendants. Upon information and belief, Brown controls Defendant Unseen Voices, Inc. ("Unseen Voices"). The Court's immediate attention is warranted because Plaintiffs have sought injunctive relief in the Supreme Court of the State of New York, County of New York (the "State Court Action"), and the Court set a briefing schedule, and oral argument on the motion was originally calendared on January 27, 2026; the argument was cancelled as a result of the removal.

Remand is appropriate for two reasons. ***First***, this Court lacks subject matter jurisdiction over the action. Removal was improper under 28 U.S.C. §§ 1332 and 1441 because complete diversity is absent because (i) Plaintiffs Insignia Holding and Insignia Assets (though its members) and Defendant Anthony Brown are all citizens of Georgia, and (ii) Plaintiff Insignia Assets (though its members) and Defendant Unseen Voices Inc. ("Unseen Voices") are both citizens of Tennessee. ***Second***, the removal is procedurally defective, as Brown failed to join in or consent to the removal as required by 28 U.S.C. § 1446(b)(2)(A). Each defect independently mandates remand.

---

[1] Plaintiffs note for the Court that Defendant Unseen Voices, Inc. incorrectly spelled Gyamfi's name as Norman "Kofy" Gyamfi in its civil cover sheet and case caption.

1

Plaintiffs request an expeditious remand given that removal was clearly improper, and injunctive relief is urgently needed in the State Court Action. Unseen Voices's removal was filed on the last possible day permissible, and just one day before its opposition briefing was due in the State Court Action. Unseen Voices based its removal on the false premise that Brown is a citizen of Tennessee, despite, among other things, Brown's counsel *that day* having confirmed in open court in Georgia (with Unseen Voice's counsel in attendance) that Brown was a Georgia resident. The removal should be expeditiously rejected and remanded back to state court, and attorneys' fees should be awarded.

## STATEMENT OF FACTS

### I. PARTIES

Plaintiffs own and/or operate a *multi-Grammy award winning* collaborative media and entertainment company, Maverick City Music, that, among other things, produces Christian Gospel-based music and works that spotlight the injustices around mass incarceration issues. (Declaration of Norman Kofi Gyamfi ("Gyamfi Decl."), ¶ 4). Plaintiff Insignia Holding is a Georgia corporation with a principal place of business in South Carolina (*Id.* ¶ 5). Plaintiff Insignia Assets is a Delaware limited liability company with a principal place of business in South Carolina. (*Id.* ¶ 6). Insignia Assets has several members: Erik J. Gaines and Philip Thornton, are citizens of Tennessee and Jonathan "Jon" Jay and Ron Hill are citizens of Georgia. (*Id.* ¶ 8). Plaintiff Gyamfi is a principal and Chief Executive Officer of Insignia Assets and is a citizen of South Carolina. (*Id.* ¶¶ 3, 8).

Defendant Brown was the former co-founder of Maverick City Music and is a signatory to the Settlement Agreement. (ECF Doc. No. 1-2, ¶ 18). Public records list Brown's home address as being located in Georgia and Brown, and, as set forth below, he has confirmed numerous times in

a related Georgia action that he is a resident of Georgia. (Declaration of Alyssa F. Conn, Esq. ("Conn Decl."), ¶ 12). Defendant Unseen Voices is a Delaware corporation with its principal place of business in Tennessee. (ECF Doc. No. 1 ¶ 18). Upon information and belief, Unseen Voices is owned and controlled by Brown, as Brown has described Unseen Voices as a venture he is been building (ECF Doc. No. 1.4).

## II.   RELEVANT FACTUAL BACKGROUND

### A.   *The State Court Action*

On December 8, 2025, Plaintiffs commenced the State Court Action (*See* ECF Doc. No. 1.2). Plaintiffs' claims arose from Defendant Brown's breach of the restrictive covenants regarding competition, solicitation and confidentiality that are in the Settlement Agreement, for which Brown was handsomely paid. One of those breaches concerned Brown's operation of a competitive business, Defendant Unseen Voices. (*Id.*).

Plaintiffs brought the action in New York state court pursuant to a broad choice of law and forum selection provision in the Settlement Agreement. (*Id.*). Plaintiffs further moved by order to show cause for a temporary restraining order and a preliminary injunction to enforce the restrictive covenants pending adjudication on the merits of the action. (*see* ECF Doc. No. 1.4). On December 11, 2025, Hon. Nancy M. Bannon did not grant the temporary restraining order, but issued a scheduling order setting forth briefing deadlines for a preliminary injunction hearing, and scheduling an oral argument for January 27, 2026. (ECF Doc. No. 1.6 at 34-38).

On December 12, 2025, Plaintiffs served the State Court Action summons and complaint upon Unseen Voices via its Registered Agent, The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801. (*See* ECF Doc. No. 1 ¶ 4). On December 15, 2025, Plaintiffs

served Brown at his residence in Atlanta, Georgia by leaving the documents with another resident at the address. (Conn Decl., ¶ 8, Ex. E).

B. *The Georgia Action*

On July 19, 2024, Brown filed a complaint in a related action in the Superior Court of Fulton County, Georgia *Rebekah Aversano and Anthony Brown v. Norman Kofi Gyamfi and Insignia Holding Company*, Civil Action File No. 24CV009113 (the "Georgia Action"). (Conn Decl. ¶ 2, Ex. A ¶ 3). In the complaint, **Brown states he is a resident of Fulton County, Georgia**. During the course of the Georgia Action, Brown and his counsel have repeatedly confirmed that Brown is a resident of Georgia, as outlined below:

- **November 4, 2024**: Brown filed a notarized Affidavit of Anthony Brown (Conn Decl. ¶ 3, Ex. B). In the Affidavit, Brown states, "I have lived in Georgia for over 14 years and lived in Fulton County for over three years" and "I have filed income taxes in Georgia." (Conn Decl. ¶ 3, Ex. B at ¶¶ 2-3).

- **April 4, 2025**: Brown filed an Amended Complaint in the Georgia Action again stating that he is a resident of Fulton County, Georgia. (Conn Decl. ¶ 4, Ex. C at ¶ 3).

- **October 17, 2025**: Brown filed Plaintiffs' Second Amendment to Complaint incorporating by reference the allegations and demands stated in the prior complaints, which does not amend his residence. (Conn Decl. ¶ 5, Ex. D).

- **January 2, 2026**: Brown filed Plaintiffs' Third Amendment to Complaint incorporating by reference the allegations and demands stated in the prior complaints, which does not amend his residence. (Conn Decl. ¶ 10, Ex. G).

- **January 2, 2026**: counsel for Brown filed an attorney Affidavit of Gary Freed, Esq. acknowledging service on Brown in the State Court action, and attaching the papers from the State Court Action. (Conn Decl. ¶ 9, Ex. F) ("This includes pleadings filed in this action, correspondence received from Defendants' counsel, and filings served on Brown in a related action pending in the Supreme Court of the State of New York, County of New York, styled *Insignia Holding Company, Inc., Insignia Assets, LLC, and Norman Kofi Gyamfi v. Anthony Brown and Unseen Voices, Inc.*, Index No. 656308/2025 ('New York Action').")).

- **January 12, 2026**: the parties appeared for a hearing before Judge Whitaker in the Georgia Action. (Conn Decl. ¶ 11, Ex. H). During the hearing, counsel for Brown stated, "the plaintiffs have resided in Fulton County, and they lived in Georgia for many years before

- 4 -

this case came to be" (Conn Decl. ¶ 11, Ex. H, at Tr. 42:4-6). "These are long standing, deep relationships with the forum here, the accountants, the records, the formation, the witnesses, and so on and so forth" (Conn Decl. ¶ 11, Ex. H, at Tr. 39:19-22). Attorney David Paul Thatcher of Oggletree, Deakins, Nash, Smoak & Stewart, P.C. attended the Georgia hearing on January 12, 2026 (Conn Decl. ¶ 11, Ex. H, at Tr. 9:3-6) and subsequently appeared *pro hac vice* before this Court on January 15, 2026 (ECF Doc. No. 10).

### C. *The Removal*

On January 12, 2026, Defendant Unseen Voices, Inc. filed a Notice of Removal, incorrectly asserting this Court has subject matter jurisdiction based on diversity of citizenship. (ECF Doc. No. 1 ¶ 10). Removal is improper because complete diversity is lacking, and, Brown has not independently consented to the removal, therefore violating the rule of unanimity.

## ARGUMENT

**I.    THE ACTION SHOULD BE REMANDED TO STATE COURT BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION**

A case shall be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Removal statutes are strictly construed against federal jurisdiction, and any doubts must be resolved in favor of remand. *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007). An action which was originally filed in state court may be removed to federal court only if the case could have been originally filed in federal court. *Wilds v. IPS*, 262 F. Supp. 2d 163, 171 (S.D.N.Y. 2003). Federal district courts have original, diversity jurisdiction when the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity: no plaintiff and no defendant may be citizens of the same state. *Agoliati v. Block 865 Lot 300 LLC*, No. 22-51, 2023 U.S. Appx. LEXIS 2011, at *2 (2d Cir. Jan. 26, 2023); *Style Stitch, Inc. v. Avyan Grp. LLC*, No. 23-CV-10701 (MKV), 2025 U.S. Dist. LEXIS 187058, at *6 (S.D.N.Y. Sept. 23, 2025).

If a case is removed and a federal district court determines that it lacks jurisdiction over the matter, it must be remanded. *Shad v. Zachter PLLC*, No. 23-CV-10724, 2024 U.S. Dist. LEXIS 225641, at *4 (S.D.N.Y. Dec. 13, 2024). Where the basis of removal is diversity, the diversity of citizenship must exist at the time the action was filed in state court as well as at the time of the removal. *United Food & Com. Workers Union, Local 919 v. Centermark Props. Meiden Square*, 30 F.3d 298, 301 (2d Cir. 1994).

On a motion to remand, "the removing party bears the burden of demonstrating the proprietary of removal." *Glob. Montello Grp. Corp. v. Nor-Bronx River, Inc.*, No. 25-CV-6186 (JAV), 2025 U.S. Dist. LEXIS 263859, at *6 (S.D.N.Y. Dec. 22, 2025) (Vargas, J.); *Maxwell v. Velasquez*, No. 22-CV-9431 (VSB), 2023 U.S. Dist. LEXIS 60202, at *5 (S.D.N.Y. Apr. 5, 2023) (ordering remand where defendants did not meet their burden in establishing diversity of citizenship); *Ankura Consulting Grp., LLC v. Mohammad Mortazavi*, No. 22-CV-2385 (VSB), 2022 U.S. Dist. LEXIS 147595, at *1 (S.D.N.Y. 2022) (ordering remand where defendant failed to show that complete diversity exists for removal); *Landesbank Baden-Wurttemberg v. Capital One Fin. Corp.,* 954 F. Supp. 2d 223, 225 (S.D.N.Y. 2013) (holding that the removing party "bears the burden of showing that federal jurisdiction is proper") (internal citation omitted).

    **A.**    ***Diversity of Citizenship Does Not Exist Because certain Plaintiffs and Brown are Citizens of Georgia***

This Court lacks subject matter jurisdiction because complete diversity is absent. Under 28 U.S.C. § 1332(c), a corporation is a citizen of its state of incorporation and principal place of business, while a limited liability company's citizenship is determined by that of its members. *Mills 2011 LLC v. Synovus Bank*, 921 F. Supp. 2d 219, 221 (S.D.N.Y. 2013). An individual's citizenship is determined by his domicile, "which is the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of

returning." *Agoliati*, 2023 U.S. App. LEXIS 2011 at *3 (internal citation omitted). At any given time, a person has but one domicile. *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 28, 42 (2d Cir. 2000).

Plaintiff Insignia Holding is a citizen of Georgia, as it was incorporated there. Insignia Assets, an LLC, is a citizen of Georgia because two of its members live there: Jonathan "Jon" Jay and Ron Hill. (Gyamfi Decl. ¶ 8). Brown was also a citizen of Georgia on the date the New York State Court Action was filed (December 8, 2025) and on the date the Removal was filed (January 12, 2026). Brown's home address is 1050 Ponce De Leon Ave NE, Apt 918, Atlanta, Georgia 30306, and he receives mail there as he was served at that address which was confirmed by his counsel in the Georgia Action. (Conn Decl. ¶ 8, Ex. F).

Brown continually reiterated that he is a citizen of Georgia, in the Georgia Action. For instance, on July 19, 2024, Brown filed a complaint in the Georgia Action stating that he is a resident of Fulton County, Georgia to establish jurisdiction in Fulton County Superior Court. (Conn Decl. ¶ 2, Ex. A at ¶ 3). At an oral argument held on January 12, 2026—Brown's counsel represented that Brown was a resident of Georgia. (*Id.* at Tr. 42:4-6 ("[T]he plaintiffs [Brown and Rebekah Aversano] have resided in Fulton County, and they lived in Georgia for many years before this case came to be . . .")).[2] A full timeline of evidence that Brown is a citizen of Georgia, including his own representations in the Georgia Action, are reproduced below:

- **July 19, 2024**: Brown filed a complaint in the Georgia Action affirmatively stating that he is a resident of Fulton County, Georgia to establish jurisdiction in Fulton County Superior Court (Conn Decl. ¶ 2, Ex.A at ¶ 3).

- **November 4, 2024**: Brown filed a notarized Affidavit of Anthony Brown (Conn Decl. ¶ 3, Ex. B). In the Affidavit, Brown states, "I have lived in Georgia for over 14 years

---

[2] Unseen Voice's counsel, David P. Thatcher, counsel for Unseen Voices, *attended the January 12, 2026 hearing*. (Conn Decl. ¶ 11, Ex. H, at Tr. 9:3-6). He was included on the signature block on Unseen Voices's January 12, 2026 Notice of Removal (ECF No. 1 at 5 of 6) and was granted permission to appear *pro hac vice* before this Court on January 15, 2026. (ECF No. 10).

- and lived in Fulton County for over three years" and "I have filed income taxes in Georgia." (Conn Decl. ¶ 3, Ex. B at ¶¶ 2-3).

- **April 4, 2025**: Brown filed an Amended Complaint affirmatively stating he is a resident of Fulton County, Georgia (Conn Decl. ¶ 4, Ex. C at ¶ 3).

- **October 17, 2025**: Brown filed Plaintiffs' Second Amendment to Complaint incorporating by reference the allegations and demands stated in the prior complaints which does not amend his residence. (Conn Decl. ¶ 5, Ex. D).

- **December 15, 2025**: After Plaintiffs filed the TRO in the New York State Court Action, Brown was served with the court filing at his Georgia residence located in Fulton County on December 15, 2025. (Conn Decl. ¶ 8, Ex. E).

- **January 2, 2026**: Brown filed Plaintiffs' Third Amendment to Complaint incorporating by reference the allegations and demands stated in the prior complaints which does not amend his residence.  (Conn Decl. ¶ 10, Ex.G).

- **January 2, 2026**: Brown's counsel in the Georgia Action conceded in a sworn Attorney Affidavit that the New York State Court Action filings were, in fact, served on Brown. (Conn Decl. ¶ 9, Ex. F).

- **January 12, 2026**: The parties appeared for a hearing before Judge Whitaker in the Georgia Action (Conn Decl. ¶ 11, Ex. H).During the hearing, counsel for Brown stated, "the plaintiffs have resided in Fulton County, and they lived in Georgia for many years before this case came to be" (Conn Decl. ¶ 11, Ex. H, at Tr. 42:4-6). "These are long standing, deep relationships with the forum here, the accountants, the records, the formation, the witnesses, and so on and so forth" (Conn Decl. ¶ 11, Ex. H, at Tr. 39:19-22).

Finally, public records show that Brown still resides in Fulton County, Georgia (Conn Decl. ¶ 12). Brown is thus, by his own admissions, a citizen of Georgia. Unseen Voices's claim that Brown is a Tennessee resident is thus baseless. Based on the foregoing, Unseen Voices has not met its burden in establishing subject matter jurisdiction.

**B.    *Diversity of Citizenship Does Not Exist Because Insignia Assets, LLC is a Citizen of Tennessee***

Another independent ground confirms this Court lacks subject matter jurisdiction. Defendant Unseen Voices represents that its principal place of business is in Tennessee, making it a citizen of Tennessee. (ECF Doc. No. 1 ¶ 18); *see Hertz Corp. v. Friend,* 559 U.S. 77, 94 (2010)

(citing 28 U.S.C. § 1332(c)). Plaintiff Insignia Assets is also a citizen of Tennessee, as two of its members, Erik J. Gaines and Philip Thornton, are citizens of Tennessee. (Gyamfi Decl., ¶ 8); *see also Mills 2011 LLC*, 921 F. Supp. 2d at 221. Unseen Voices asserted federal jurisdiction "based upon information and belief no member of Insignia Asset is a citizen of Delaware or Tennessee." (ECF Doc. No. 1 ¶ 16). This information and belief was incorrect. Because a plaintiff and a defendant are both citizens of Tennessee, complete diversity is lacking. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 553 (2005) ("Incomplete diversity destroys original jurisdiction with respect to all claims."). Therefore, Unseen Voices has not met its burden of demonstrating diversity jurisdiction.

## II. THE COURT SHOULD REMAND THIS ACTION BECAUSE BROWN HAS NOT CONSENTED TO THE REMOVAL

Where a civil action is removed based on diversity of citizenship, each defendant must join in or consent to the removal of the action within 30 days of service of the initial pleading. 28 U.S.C. § 1446(b)(2). To satisfy this rule of unanimity, it is well established that each defendant "must independently express their consent to removal" to the Court. *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012). The rule "advances the congressional purpose of giving deference to a plaintiff's choice of state forum and of resolving doubts against removal and in favor of remand." *Village of Kiryas Joel v. Village of Woodbury*, No. 11-CV-8494 (ER), 2012 U.S. Dist. LEXIS 44312, at *8 (S.D.N.Y. Mar. 29, 2012) (citation omitted). Where a defendant fails to provide notice of consent to removal within the thirty-day statutory period, the defendant cannot cure that failure by providing late consent. *See Taylor v. Medtronic, Inc.*, 15 F.4th 148, 151 (2d Cir. 2021).

Where any defendant fails to provide its consent within the thirty-day period, remand is warranted as such failure "constitutes a fatal procedural defect in the removal procedure."

*Bedminister Fin. Group, Ltd. v. Umami Sustainable Seafood*, No. 12-CV-5557 (JPO), 2013 U.S. Dist. LEXIS 42678, at *17 (S.D.N.Y. Mar. 26, 2013) (citations omitted). This Court routinely remands cases where defendants fail to consent to the removal. *See, e.g.*, *Rodriguez v. Metro Transp. Auth.*, 25-CV-6717 (AKH), 2025 U.S. Dist. LEXIS 256075, at *5 (S.D.N.Y. Dec. 10, 2025) (remand granted where one defendant failed to consent to the removal); *Chassen v. Simpson*, No. 25-CV-2373 (JHR), 2025 U.S. Dist. LEXIS 101131, at *12 (S.D.N.Y. May 28, 2025) (granting motion to remand where one defendant did not appear in court or file a consent to removal); *Everett v. Tapestry (New York)*, No. 24-CV-09275, 2024 U.S. Dist. LEXIS 222597, at n.3 (S.D.N.Y. Dec. 9, 2024) (finding remand warranted for failure of all named defendants to join in or consent to removal of the action); *Domino A LLC v. Accredited Sur. & Cas. Co.,* No. 23-CV-10919 (JLR), 2024 U.S. Dist. LEXIS 22622, at *4 (S.D.N.Y. Jan. 2, 2024) (granting motion to remand where one defendant failed to join notice of removal or consent to removal within 30 days).

Defendants failed to satisfy the rule of unanimity because Brown did not independently consent to the removal within 30 days.[3] Brown was served with the New York State Court filings on December 15, 2025. (Conn Decl. ¶ 8, Ex. E). Thus, Brown had until January 14, 2026 to remove this case to federal court or consent to removal. Brown's failure to provide the court with independent written consent is fatal. Any argument by Defendants that Brown's consent was implied also fails: "[a] defendant must notify the Court of its consent to removal—it may not do so by proxy." *Silas v. UPS*, 2024 U.S. Dist. LEXIS 119518, at *4 (S.D.N.Y. Jul. 8, 2024). Since Brown did not provide independent consent to removal within the 30-day period, this case must be remanded to state court.

---

[3] This may very well be because Brown is a non-diverse party.

### III. THE COURT SHOULD REMAND THIS CASE ON AN EXPEDITED BASIS, AND AWARD ATTORNEYS' FEES, BECAUSE REMOVAL WAS FACIALLY IMPROPER AND NOT DONE IN GOOD FAITH

Plaintiffs seek remand on an expedited basis. *See, e.g., NY Communities for Change v County of Nassau*, No. 24-cv-8779 (JMA) (LGD), 2024 U.S. Dist. LEXIS 234825, at *2 (E.D.N.Y. Dec. 31, 2024) (remanding within 5 days of request for an expedited remand). And indeed, Courts in the Second Circuit can and do issue Orders to Show Cause *sua sponte* regarding remand where the removal was deficient on its face. *See, e.g., Fields v. Tra Dam Trucking LLC,* No. 24-cv-7526 (MKV), 2025 U.S. Dist. LEXIS 83477, at *1 (S.D.N.Y. May 1, 2025) (issuing order to show cause where not all defendants consented to removal).

Expeditious treatment is warranted here. First, as in *Fields*, not all defendants have consented to removal. *See* section II, *supra*. Further, Unseen Voices's removal is nothing more than a delay tactic. Plaintiffs moved for preliminary injunctive relief in the State Court Action over a month ago in order to stop the irreparable harm currently being inflicted on their business by Defendants' conduct. (S*ee* ECF Doc. No. 1.4). Justice Bannon then issued a scheduling order for a preliminary injunction hearing, and scheduled oral argument for January 27, 2026. (ECF Doc. No. 1.6 at 34-38).

Unseen Voices's frivolous removal was filed on the last possible day permissible under 28 U.S.C. 1446 and just one day before its opposition briefing was due in the State Court Action. (*Id.*). And Unseen Voices based its removal on numerous false premises concerning citizenship. Unseen Voices was aware that Brown's counsel confirmed Brown's Georgia residency, on the day of the removal petition. (Conn Decl. ¶ 11, Ex. H). Unseen Voices cannot claim mistake or lack of awareness regarding Brown's citizenship..

Moreover, courts "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" when the action is remanded. 28 U.S.C. § 1447(c). The goal is to deter improper removal:

> [T]he simplicity of th[e] procedure [under 28 U.S.C. § 1446(a)] . . . exposes a plaintiff to the possibility of abuse, unnecessary expense and harassment if a defendant removes improperly, thereby requiring plaintiff to appear in federal court, prepare motion papers and litigate, merely to get the action returned to the court where the plaintiff initiated it. Providing for attorneys' fees when granting a motion to remand serves the purpose of deterring improper removal . . . .

*Circle Indus. USA, Inc. v. Parke Constr. Group, Inc.*, 183 F.3d 105, 109 (2d Cir. 1999).

"[A]wards of attorneys' fees under § 1447(c) are subject to an 'objective reasonableness test'" (*Dela Rosa v. 610-620 W. 141 LLC*, No. 08-CV-8080 (PKL), 2009 U.S. Dist. LEXIS 55058, at *14-15 (S.D.N.Y. June 24, 2009)), and § 1447(c) "affords a great deal of discretion and flexibility to the district courts in fashioning awards of costs and fees." *Morgan Guar. Trust Co. v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir. 1992).

An award of attorneys' fees is particularly appropriate here because the removal was not objectively reasonable. A routine public records search confirms Brown's Georgia address. (Conn Decl. ¶ 12). Unseen Voices's failure to conduct such an inquiry runs afoul of the Federal Rules of Civil Procedure and is not reasonable. *See Abdelhamid v. Altria Group, Inc.*, 515 F. Supp. 2d 384, 391 (S.D.N.Y. 2007) (noting counsel's obligation to conduct a "reasonable inquiry" under Fed. R. Civ. P. 11). Unseen Voices's decision to mislead the Court warrants an award of attorneys' fees and costs.

## **CONCLUSION**

Based on the foregoing, Plaintiffs respectfully request that the Court remand this action on an expedited basis to New York State Supreme Court, New York County, and award Plaintiffs the fees and costs incurred because of Unseen Voices's improper removal.

Dated:  January 20, 2026
        New York, New York

Respectfully submitted,

**REED SMITH LLP**

*/s/ Steven Cooper*
Steven Cooper
Alyssa F. Conn
Victoria L. Jaus
599 Lexington Avenue
New York, NY 10022
T: +1 212 521 5400
F: +1 212 521 5450
Email: scooper@reedsmith.com

*Attorneys for Plaintiffs Norman Kofi Gyamfi, Insignia Holding Company, Inc. and Insignia Assets, LLC*