UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NORMAN KOFY GYAMFI,
INSIGNIA HOLDING COMPANY,
INC, AND INSIGNIA ASSETS, LLC,

    Plaintiffs,

v.

ANTHONY BROWN, AND UNSEEN
VOICES, INC. ,

    Defendants.

Case No. 26-cv-265

## DEFENDANT ANTHONY BROWN'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT

Defendant Anthony Brown ("**Brown**" or "**Defendant**") respectfully moves to dismiss the Complaint filed by Plaintiffs Norman Kofi Gyamfi, Insignia Holding Company, Inc.,[1] and Insignia Assets, LLC (collectively, "**Plaintiffs**") pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5) because Plaintiffs have not properly served him with process and, as a result, this Court lacks personal jurisdiction over him. Plaintiffs' prior attempts to serve Brown in the removed New York State Court action were defective in that the papers were left with an unknown person at an address that was not Brown's "actual place of business, dwelling place or usual place of abode," and the required follow-up mailing was returned to sender.

---

[1] Defendant believes this is a misnomer because the April 5, 2021, Certificate of Incorporation issued by the Georgia Secretary of State—Corporations Division describes the entity as "Insignia Holding Company."

Because service was not perfected prior to removal, Plaintiffs were required to complete proper service after removal in the manner required by Rule 4 and 28 U.S.C. § 1448; they did not do so. *See* 28 U.S.C. § 1448; Fed. R. Civ. P. 4(e), 4(m). The burden rests with Plaintiffs to establish valid service, and where, as here, service is defective, dismissal (or, at minimum, quashing service of process) is warranted. *See, e.g., Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298–99 (2d Cir. 2005).

Brown specially appears solely to contest service and personal jurisdiction and does not waive any defenses under Fed. R. Civ. P. 12.

I. **STATEMENT OF FACTS.**

    A. **Plaintiffs Initially Filed This Action in State Court as an Emergency Injunction Case.**

On December 8, 2025, Plaintiffs filed this action in the Supreme Court of the State of New York, County of New York ("**N.Y. State Court**"), asserting claims arising from an alleged breach of restrictive covenants contained in a negotiated settlement agreement ("**Insignia Agreement**"). (Exhibit A to Declaration of Marc-Joseph Gansah ("**Gansah Decl.**")) Plaintiffs simultaneously pursued emergency injunctive relief, submitting motion papers seeking a temporary restraining order and preliminary injunction to immediately halt Brown's alleged conduct, including his participation as a member of the executive board of the non-profit organization Unseen Voices, Inc. ("**Unseen Voices**"). (Exhibit B to Gansah Decl.)

On December 11, 2025, the N.Y. State Court issued an Order to Show Cause setting a hearing on Plaintiffs' request for a temporary restraining order and preliminary injunction for January 27, 2026. (Exhibit C to Gansah Decl.) The action was subsequently removed to this Court on January 12, 2026, by a Notice of Removal filed by Unseen Voices. (Exhibit D to Gansah Decl.)

B.      **Purported Service on Anthony Brown.**

Plaintiffs have not properly served Brown with process. Brown currently resides in the State of Tennessee and has lived there continuously since May 2025. (Exhibit G to Gansah Decl. ("**Brown Decl.**") ¶ 5.) Prior to relocating to Tennessee, Brown rented and resided at 675 Ponce De Leon Avenue Northeast, Unit 915, Atlanta, Georgia 30306 ("**675 Ponce Address**") from approximately November 2023 until May 2025. (Brown Decl. ¶ 6.) The 675 Ponce Address is associated with an apartment complex named the Flats at Ponce City Market. (Brown Decl. ¶ 8.) As reflected in the Affirmation of Service of process server Gregory Dykes ("**Dykes**"), Brown had vacated the 675 Ponce Address and did not reside there at the time of the attempted service on December 12, 2025. (Brown Decl. ¶¶ 7, 9–10; Exhibit E to Gansah Decl., p. 2.)

Dykes subsequently attempted substituted service at 1050 Ponce De Leon Avenue Northeast, Apartment 918, Atlanta, Georgia 30306 ("**1050 Ponce Address**"). (Brown Decl. ¶ 11; Exhibit E to Gansah Decl., p. 1) The 1050 Ponce

Address is associated with an apartment complex named "Briarcliff Summit Apartments," a community with residency restricted to individuals who are at least 62 years of age and/or have a qualifying disability; Brown is not disabled and is 42 years old. (Brown Decl. ¶ 12.) Critically, the 1050 Ponce Address was not, and has never been, Brown's actual place of business, dwelling place, or usual place of abode, and Brown has never so much as entered the building. (Brown Decl. ¶ 13.)

Brown does not know the current tenant(s) of the 1050 Ponce Address. (Brown Decl. ¶ 14.) Brown has no relationship—personal or professional—with "Donnie Snders,"[2] the person identified in Dykes's Affirmation of Service as the purported recipient of process. (Brown Decl. ¶¶ 15–16; Exhibit E to Gansah Decl., p. 1.) Brown has never authorized "Donnie Snders," or any other person at the 1050 Ponce Address, to accept service of a summons or complaint on his behalf. (Brown Decl. ¶ 17.) No person at the 1050 Ponce Address—including "Donnie Snders"— has transmitted, forwarded, or otherwise delivered any summons or complaint to Brown since the date of purported service. (Brown Decl. ¶ 18.) Furthermore, the tracking number for Plaintiffs' follow-up mailing of the summons and complaint indicates that it has been returned to sender. (Brown Decl. ¶ 19–20; Exhibit F to Gansah Decl., p. 1; Exhibit A to Brown Decl.)

---

[2] Based on independent research conducted by his counsel using the Lexis Accurint platform, Mr. Brown believes that this individual's correct name is Domonick "Donnie" Sanders. (Brown Decl. ¶ 15, n.1.)

As of the date of this Motion to Dismiss, Brown has not been personally served with the Summons and Complaint in this action. (Brown Decl. ¶ 21.)

## II. ARGUMENT AND CITATION OF AUTHORITY.

### A. Governing Law.

The U.S. Supreme Court has noted that "service of process is the means by which a court obtains personal jurisdiction over a defendant," making its existence the predicate for the district court to exercise judicial power. *Stafford v. Briggs*, 444 U.S. 527, 553 n.5 (1980). Thus, a defendant may move to dismiss under Rule 12(b)(5) when the plaintiff has failed to effect proper service of process. *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298–99 (2d Cir. 2005). Defective service likewise requires dismissal under Rule 12(b)(2) for lack of personal jurisdiction. *Id.* Once service is challenged, the burden rests on the plaintiff to establish the adequacy of service. *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010) (citation omitted).

Federal Rule of Civil Procedure 4 governs service after removal. Fed. R. Civ. P. 81(c)(1); *see also* 28 U.S.C. § 1448. Removal does not waive or cure defects in service, and defendants may properly raise Rule 12 service and jurisdiction defenses following removal. See *Gerena v. Korb*, 617 F.3d 197, 202 (2d Cir. 2010) (removal did not waive insufficient-service objection); *Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152, 157 n.4 (2d Cir. 1996) ("Removal does not waive any Rule 12(b)

defenses."). Where service is defective, the Court may dismiss the action or, in its discretion, quash service and permit proper service. *See Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985) ("Where service of process is insufficient, the courts have broad discretion to dismiss the action or to retain the case but quash the service that has been made on defendant.").

> **B.** **<u>Plaintiffs' Purported Service Was Defective Under Rule 4(e) Because Process Was Not Delivered to Brown, Not Left at His Dwelling or Usual Place of Abode, and Not Delivered to Any Authorized Agent.</u>**

Federal Rule of Civil Procedure 4(e) permits service on an individual by: (i) personal delivery; (ii) leaving the summons at the individual's dwelling place or usual place of abode with a person of suitable age and discretion who resides there; (iii) delivering process to an authorized agent; or (iv) following the law of the state where the district court sits or where service is made. Fed. R. Civ. P. 4(e)(1)–(2).

Plaintiffs satisfied none of these requirements. As set forth in Brown's Declaration, Brown has resided in Tennessee continuously since May 2025, and the 1050 Ponce Address where Plaintiffs claim to have left process was not Brown's dwelling place, usual place of abode, or actual place of business. (Brown Decl. ¶¶ 5, 13.) Brown does not know the person ("Donnie Snders") to whom Plaintiffs allegedly delivered process, does not know the current tenant(s) or occupant(s) of the 1050 Ponce Address, and never authorized any person at the 1050 Ponce Address to accept service on his behalf. (Brown Decl. ¶¶ 14–17.) Plaintiffs have not met their

burden to establish proper service of process under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(e)(1)–(2); (Brown Decl. ¶¶ 5, 13–17.)

### C. Plaintiffs' Purported Service Also Fails Under CPLR § 308(2) and New York's Strict-Compliance Standard.

Even if Plaintiffs attempt to rely on Rule 4(e)(1) by invoking substituted service pursuant to New York law, their purported service fails under CPLR § 308(2). That statute requires delivery of the summons "to a person of suitable age and discretion at the actual place of business, dwelling place, or usual place of abode of the person to be served," plus a mailing to the defendant at a qualifying address. CPLR § 308(2).

New York courts require strict compliance with CPLR § 308(2) to establish proper service. *McCray v. Petrini*, 212 A.D.2d 676, 676 (N.Y. App. Div. 1995) ("It is well-established that CPLR [§ ]308(2) requires strict compliance and that the plaintiff has the burden of proving, by a preponderance of the credible evidence, that service was properly made."). The Appellate Division has noted that "service is invalid if the service address is not, in fact, the defendant's actual place of business, dwelling place, or usual place of abode." *CitiMortgage, Inc. v. Ramcharran*, 240 A.D.3d 738, 739 (N.Y. App. Div. 2025) (alteration omitted). Furthermore, "[a] defendant's eventual awareness of pending litigation will not affect the absence of jurisdiction over him or her where service of process is not effectuated in

compliance with CPLR [§ ]308." *Nationstar Mtge., LLC v. Stroman*, 202 A.D.3d 804, 807 (N.Y. App. Div. 2022).

Here, Plaintiffs' purported delivery of process was not made at Brown's actual dwelling place or usual place of abode; Brown had relocated out of Georgia months earlier. (Brown Decl. ¶¶ 5–7.) Plaintiffs' service papers identify a purported recipient with no connection to Brown and no authority to accept service for him. (Brown Decl. ¶ 14–18.) These defects are fatal under CPLR § 308(2).

### D. Plaintiffs' Purported Service Independently Fails Under Georgia Law.

Rule 4(e)(1) permits service by following the law of the state where service is made—here, Georgia. Fed. R. Civ. P. 4(e)(1). Under Georgia law, service on an individual may be effected only by: (i) personal service on the defendant, (ii) "leaving copies [of the summons and complaint] at the defendant's dwelling [place] or usual place of abode with some person of suitable age and discretion then residing therein," or (iii) delivering the papers to "an agent authorized by appointment or by law to receive service of process." O.C.G.A. § 9-11-4(e)(7).

Plaintiffs' purported service of process does not satisfy any of these methods. Brown was not personally served, and Plaintiffs did not leave the summons and complaint at Brown's dwelling house or usual place of abode with a qualifying resident.

*See* O.C.G.A. § 9-11-4(e)(7). Instead, Plaintiffs left the papers with a person

unknown to Brown at an address where he did not reside and has never resided. (Brown Decl. ¶ 14–18.) Georgia courts hold that service at a location that is not the defendant's residence or usual place of abode is ineffective. *See Seabolt v. Edghill*, 192 Ga. App. 715, 716 (1989) (service upon defendant's mother "at her residence, not his, is not service within the meaning of [O.C.G.A. § 9-11-4(e)(7)]."). Likewise, federal courts applying Georgia law have rejected substituted service where the place of service was not the defendant's dwelling place or usual place of abode. *See Webster v. Western Express, Inc.*, No. 5:05-cv-350, 2007 U.S. Dist. LEXIS 70011, at *8 (M.D. Ga. Sept. 21, 2007) (service on defendant's father was ineffective because "the place of service was not [defendant's] dwelling [place] or usual place of abode.").

Nor were the papers delivered to any agent authorized by appointment or by law to accept service of process for Brown. (Brown Decl. ¶ 17.) To the extent that Plaintiffs rely on the Affirmation of the process server as proof of valid service, Georgia recognizes only a rebuttable presumption from a return of service; evidence that service failed to strictly comply with O.C.G.A. § 9-11-4(e)(7) overcomes that presumption. *Forsythe v. Gay*, 226 Ga. App. 602, 603 (1997) (noting that in *Bible v. Bible*, 259 Ga. 418, 419 (1989), "[t]he Supreme Court of Georgia abolished the more lenient 'substantial compliance' rule with respect to service of process."). Brown's sworn testimony establishes precisely that: the address used was not his dwelling

place or usual place of abode, the recipient had no relationship with him, and no authorized agent accepted service. (Brown Decl. ¶¶ 14–18.)

Accordingly, Plaintiffs cannot salvage defective service by invoking Georgia law.

### E. Because Service Was Not Perfected Prior to Removal, Plaintiffs Were Required to Cure Service Under Fed. R. Civ. P. 4 and 28 U.S.C. § 1448.

Because Plaintiffs did not complete or perfect service prior to removal, they were required to cure service after removal in compliance with the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1448; Fed. R. Civ. P. 81(c)(1). Section 1448 expressly provides that, in any removed action "in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective," service "may be completed or new process issued in the same manner as in cases originally filed" in federal court. 28 U.S.C. § 1448. Accordingly, even if Plaintiffs contend that their pre-removal efforts constituted an attempt at service, removal did not cure defects in service, and Plaintiffs were required to properly serve Brown under Rule 4 after removal. *See* Fed. R. Civ. P. 4(e); 28 U.S.C. § 1448.

Rule 4(m) further supports dismissal because it requires a plaintiff to serve a defendant within 90 days after the action is filed. Fed. R. Civ. P. 4(m). In removed cases, courts in this Circuit recognize that the Rule 4(m) service period runs from

the date of removal, and that a plaintiff who failed to perfect service in state court must timely complete service under Rule 4 following removal. *See, e.g., Kogan v. Facebook, Inc.*, 334 F.R.D. 393, 396–97 (S.D.N.Y. 2020). Thus, where Plaintiffs have not properly served Brown and cannot show good cause for the failure, the Court should dismiss the claims against Brown without prejudice or, alternatively, quash Plaintiffs' defective service and require proper service by a date certain. Fed. R. Civ. P. 4(m).

Therefore, because Plaintiffs have not completed proper service on Brown following removal, dismissal under Rules 12(b)(5) and 12(b)(2), or, alternatively, an order quashing service and directing proper service by a date certain is warranted.

### III.  CONCLUSION.

For the foregoing reasons, Defendant Anthony Brown respectfully requests that the Court dismiss the Complaint as against him, without prejudice, pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(2), because Plaintiffs have not properly served him with process and the Court therefore lacks personal jurisdiction over him. In the alternative, should the Court determine that dismissal is not warranted at this time, Brown respectfully requests that the Court quash Plaintiffs' defective service and require Plaintiffs to effect proper service by a date certain consistent with Federal Rule of Civil Procedure 4(m) and 28 U.S.C. § 1448.

-12-

To the extent that Plaintiffs seek temporary, preliminary, or other injunctive relief against Brown, Brown further requests that such relief be denied, or at minimum stayed, unless and until Plaintiffs properly effect service of process in compliance with Federal Rule of Civil Procedure 4 and 28 U.S.C. § 1448. Absent valid service, the Court lacks personal jurisdiction over Brown and cannot enter coercive injunctive relief against him. Brown further requests such other and further relief as the Court deems just and proper.

In any event, because there is a pending action in the Superior Court of Fulton County styled *Anthony Brown and Rebekah Aversano v. Norman Kofi Gyamfi and Insignia Holding Company*, Civil Action File No. 24-CV-009113, this Court should stay this case pending resolution of the dispute regarding proper forum and venue in that action.

(*signatures on following page*)

Respectfully submitted this 20th day of January, 2026.

**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**

| | |
|---|---|
| 1270 Avenue of the Americas, 24th Floor<br>New York, New York 10020<br>Telephone: (212) 492-2500<br>marcjoseph.gansah@ogletreedeakins.com | By: /s/ *Marc Joseph Gansah*<br>      Marc Joseph Gansah, Esq.<br><br>      *Counsel for Defendant*<br>      *Unseen Voices Inc and Anthony*<br>      *Brown* |

**FREED GRANT LLC**

| | |
|---|---|
| 101 Marietta Street, NW, Suite 3600<br>Atlanta, Georgia 30303<br>Telephone: (470) 839-9300<br>Facsimile: (470) 839-9301<br>gary@freedgrant.com | By: /s/ *Gary S. Freed*<br>      Gary S. Freed, Esq.<br>      (*Pro hac vice* admission<br>      pending )<br><br>      *Counsel for Defendant*<br>      *Anthony Brown* |

## **CERTIFICATE OF SERVICE**

This is to certify that I have on this day served the foregoing **DEFENDANT ANTHONY BROWN'S MOTION TO DISMISS** via the Court's ECF system upon counsel of record for Plaintiffs:

>Alyssa Florence Conn
>Steven Cooper
>Victoria L. Jaus
>**Reed Smith LLP**
>599 Lexington Avenue
>New York, New York 10022
>aconn@reedsmith.com
>scooper@reedsmith.com
>vjaus@reedsmith.com
>*Counsel for Plaintiffs*

This 20th day of January, 2026.

>/s/ *Marc Joseph Gansah*
>Marc Joseph Gansah

-14-