

**Steven Cooper**
Direct Phone: +1 212 205 6027
Email: scooper@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

January 28, 2026

**VIA ECF**
Hon. Jeannette A. Vargas
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

**Re:** *Gyamfi, et al. v. Brown, et al.*, Case No. 26-cv-265 - Letter Motion To Hold Deadlines in Abeyance Pending Resolution of Motion to Remand

Dear Judge Vargas:

We represent Plaintiffs Insignia Holding Company, Inc., Insignia Assets, LLC, and Norman Kofi Gyamfi (collectively, "Plaintiffs") in the above-captioned action. We submit this letter motion ("Letter Motion") pursuant to Local Rule 7.1(e) requesting that the Court hold in abeyance the deadlines: (i) for briefing on Defendants Unseen Voices, Inc. and Anthony Brown's (collectively, "Defendants") motions to dismiss filed on January 20, 2026 (the "Motions to Dismiss") (ECF Nos. 17-22); and (ii) contained within Your Honor's Individual Rule 5(I) regarding filing of amended pleadings.

Plaintiffs make this request in light of their pending Motion By Order to Show Cause to Remand to State Court, also filed on January 20, 2026 (ECF Nos. 11-15), based on the lack of subject matter jurisdiction of this court and the failure of Anthony Brown to consent to the removal. On Monday, January 26, 2026, Plaintiffs sought Defendants' consent to this request. Defendants asked for an extension to respond to which Plaintiffs granted. Unseen Voices did not take a definitive position, and Anthony Brown did not consent because "the Court has discretion to determine the order in which it addresses pending issues."

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012). Here, it would greatly serve the interests of the courts and improve judicial efficiency to hold in abeyance further briefing on the Motions to Dismiss and Individual Rule 5(I) deadlines, given that the Court's subject matter jurisdiction is a threshold issue for the Court's consideration.

Courts in the Second Circuit routinely hold motions to dismiss in abeyance pending resolution of a motion to remand. *See, e.g., Bowman v. Pathfinder Sols., LLC*, No. 21-CV-6366 (CJS), 2023 U.S. Dist. LEXIS 102653, at *6 (W.D.N.Y. June 13, 2023) ("Since the Motion to Remand calls into question the Court's jurisdiction to consider this action, the Court has held Defendants' motion to dismiss in abeyance pending its disposition of Plaintiffs' application."); *Musiello v. CBS Corp.*, No. 20-CV-2569 (PAE), 2020 U.S. Dist. LEXIS 99551, at *7 (S.D.N.Y. June 5, 2020) (noting that motion to dismiss was held in abeyance pending resolution of motion to remand); *Pac. Legwear, Inc. v. Sizemore*, No. 16-CV-2064 (JMF), 2016 U.S. Dist. LEXIS 62852, at *11 (S.D.N.Y. May 11, 2016) (same).

January 28, 2026
Page 2



For these reasons, Plaintiffs respectfully request that the Court grant this Letter Motion.

We thank the Court for its consideration.

Respectfully submitted,

*/s/ Steven Cooper*
Steven Cooper
Reed Smith LLP

SC:dp