```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                        :
NORMAN KOFY GYAMFI, et al.,                                             :
                                                                        :
                         Plaintiffs,                                    :
                                                                        :
         -v-                                                            :     26-CV-0265 (JAV)
                                                                        :
                                                                        :     ORDER TO SHOW CAUSE
ANTHONY BROWN, et al.,                                                  :
                                                                        :
                         Defendants.                                    :
                                                                        :
                                                                        :
-----------------------------------------------------------------------X
```

JEANNETTE A. VARGAS, District Judge:

Defendant Unseen Voices, Inc. ("Unseen Voices"), removed this action from the Supreme Court of the State of New York, County of New York, pursuant to 28 U.S.C. § 1441(a). In doing so, Defendant claimed that the Court had original subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(2). ECF No. 1 ("Notice of Removal").

Plaintiffs make an application to remand this action to state court for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c), and for procedural deficiency pursuant to 28 U.S.C. § 1446(b)(2)(A). ECF No. 12 ("Mot.") at 1. Plaintiffs claim that Plaintiff Insignia Assets, LLC ("Insignia Assets") and Defendant Anthony Brown ("Brown") are both citizens of Georgia, and that Insignia Assets and Unseen Voices are both citizens of Tennessee, thereby destroying diversity among the parties and precluding diversity jurisdiction. *Id.* at 6-9.

Section 1332 provides for diversity jurisdiction over — as relevant here — lawsuits between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). Under that provision, federal courts "have diversity jurisdiction over cases between citizens of the United States and citizens of foreign states, but . . . not . . . over cases between aliens. More specifically, diversity is lacking where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens." *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (alterations and internal quotation marks omitted). "Diversity jurisdiction requires complete diversity: no plaintiff and no defendant may be citizens of the same state." *Agoliati v. Block 865 Lot 300 LLC*, No. 22-51, 2023 WL 405769, at *1 (2d Cir. Jan. 26, 2023).

Under section 1332(a), a natural person's citizenship is determined by his domicile, demarcated as "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Agoliati*, 2023 WL 405769 at *1 (quotation marks omitted) (quoting *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38,

42 (2d. Cir. 2000)).  A corporation is a citizen of every state in which it is incorporated, and where it has its "principal place of business." 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  It is well established that for purposes of diversity jurisdiction, a limited partnership has the citizenship of each of its general and limited partners.  *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000) (collecting cases).  Limited liability companies may then be citizens of multiple states.  *See Strother v. Harte*, 171 F. Supp. 2d 203, 205 (S.D.N.Y 2000) ("For purposes of diversity jurisdiction, a limited liability company has the citizenship of *each* of its members." (emphasis added)).

Diversity jurisdiction here appears to be lacking for two reasons. First, Defendant Unseen Voices and Plaintiff Insignia Assets — through its members — both appear to be citizens of Tennessee.  *See* Notice of Removal, ¶ 18 ("Unseen Voices, Inc. is a Delaware Corporation with a principal place of business in Tennessee."); ECF No. 14 ("Gyamfi Decl."), ¶¶ 6-9 (listing two members of Insignia Assets as domiciled in Tennessee).  Second, Defendant Brown is a citizen of either Tennessee, as claimed by Defendant, or Georgia, as claimed by Plaintiff.  Notice of Removal, ¶ 17 ("Defendant Anthony Brown is a citizen of Tennessee."); Mot. at 6-8 ("Brown is thus, by his own admissions, a citizen of Georgia.").  As Insignia Assets is a citizen of both states through its members, Gyamfi Decl., ¶ 6-9, diversity appears to be lacking in either instance.

Accordingly, it is hereby ORDERED that Defendants show cause, on or before **February 6, 2026,** why this matter should not be remanded to state court pursuant to 28 U.S.C. § 1447(c). for lack of subject matter jurisdiciton.  Should Defendants fail to respond, the Court will remand this matter to state court without further notice.

SO ORDERED.

Dated: January 30, 2026
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge