UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NORMAN KOFY GYAMFI; INSIGNIA HOLDING COMPANY, INC.; AND INSIGNIA ASSETS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ANTHONY BROWN AND UNSEEN VOICES, INC., <br><br> Defendants. | Case No.: 1:26-cv-00265-JAV <br><br> *Civil Action* <br><br> **UNSEEN VOICES' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION** |

Defendant Unseen Voices, Inc. ("Defendant" or "Unseen Voices"), by and through its undersigned counsel, respectfully requests that this Court reconsider its ruling endorsing Plaintiffs' Letter Motion to Hold Deadlines in Abeyance Pending Resolution of the Motion to Remand and rescind its Memo Endorsement of Plaintiffs' letter requesting the abeyance. In doing so, Unseen Voices shows the Court as follows:

    **I.**    **Reconsideration is Proper**

"A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Group, Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (citing *In re Initial Public Offering Secs. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005)). However, reconsideration may be granted when "a court has overlooked controlling decisions or factual matters that were put before it on the underlying motion and which, if examined, might reasonably have led to a different result." *Id.* (citing *Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000)) (internal quotations omitted).

Specifically, motions for reconsideration are proper when there is a showing of "a need to correct a clear error." *Id.* at 696.

## II. Unseen Voices Timely Filed its Response in Opposition to Plaintiffs' Motion to Stay

Plaintiffs filed their Letter Motion to hold in abeyance the deadlines on January 28, 2026 ("Plaintiffs' Letter Motion"). (Dkt. 23). Pursuant to the Honorable Jeannette A. Vargas's Individual Rule 3(A), opposition to letters must be filed "within three (3) business days of the filing party's letter motion." Accordingly, Unseen Voices' response to Plaintiffs' Letter Motion was due on February 2, 2026.

Here, the Court issued a Memo Endorsement of Plaintiffs' Letter Motion on February 2, 2026, prior to the deadline for Unseen Voices' to file its response, depriving Unseen Voices of the opportunity and its procedural right to oppose the motion and present its arguments. (Dkt. 26) Nevertheless, Unseen Voices timely filed a response later that same day, opposing Plaintiffs' Letter Motion, and requesting that the Court deny Plaintiffs' Motion to Stay. (Dkt. 28). At present, the Court has not considered Unseen Voices' response to Plaintiff's Letter Motion, and the Court's endorsement of Plaintiffs' Letter Motion is controlling on the docket.

Accordingly, as Unseen Voices timely filed a response, which if examined, might reasonably have led to a different result, reconsideration is proper. As reconsideration is proper, the Court should grant Unseen Voices' Motion for Reconsideration, and reconsider its ruling endorsing Plaintiffs' Letter Motion to hold in abeyance all deadlines pending resolution of the Motion to Remand.

## III. As Unseen Voices moved to dismiss on a less difficult threshold issue, it is proper for the Court to consider personal jurisdiction first.

Plaintiffs' Letter Motion seeks to hold in abeyance the deadlines: (i) for briefing on Defendants' motions to dismiss filed on January 20, 2026 (ECF Nos. 17-22); and (ii) contained

2

within the Court's Individual Rule 5(I) regarding filing of amended pleadings. (Dkt. 23). In doing so, Plaintiffs rely on the improper premise that further briefing on any additional motions to dismiss should not occur, as Plaintiffs have questioned the Court's subject matter jurisdiction, which must be addressed prior to the outstanding motions to dismiss. *Id.* However, as Unseen Voices' Motion to Dismiss (Dkt. 20) is also on a threshold issue, personal jurisdiction, and is considerably less difficult to decide, it would be proper for the Court to consider Unseen Voices' Motion to Dismiss (Dkt. 20) and deny Plaintiff's Letter Motion.

A District Court has discretion in determining the proper order in which it addresses threshold issues.

When a court faces a straightforward personal jurisdiction issue, while subject-matter jurisdiction is an issue that would not so easily be resolved in the action, the court does not abuse its discretion by first addressing personal jurisdiction. *Ruhrgas Ag v. Marathon Oil Co.,* 526 U.S. 574, 588 (1999); *see also Cantor v. Fitzgerald LP v. Peaslee*, 88 F.3d 152, 155 (2d Cir. 1996) ("In exercising its discretion as to which question to consider first, a court should be convinced that the challenge to the court's subject-matter jurisdiction is not easily resolved and that the alternative ground is considerably less difficult to decide."). In *Cantor,* the Second Circuit found that when the subject-matter jurisdiction issue could require further discovery and argument, while the personal jurisdiction question was simpler, it is proper to turn to personal jurisdiction first. *Cantor*, 88 F.3d at 155.

Here, the Court has before it competing threshold issues: (1) Unseen Voices has raised a personal jurisdiction challenge; and (2) Plaintiffs have sought remand based on subject-matter jurisdiction. Accordingly, the Court must weigh whether one issue should be addressed first and, if so, which issue. *Cantor*, 88 F.3d at 155. Unseen Voices has shown in its underlying motion (Dkt.

3

20) that there is no basis for it to be brought to New York to defend against this lawsuit. Unseen Voices is a Tennessee non-profit (501(c)(3) organization) with no connections to the forum, and it would be improper under both the New York Long-Arm Statute and the Due Process Clause for the Court to exercise jurisdiction over Unseen Voices. The resolution of the issue of personal jurisdiction is relatively simple and straight forward, because it can be decide on the record before this Court.

In comparison, Plaintiffs' Motion for Remand is likely based on more complex issues including citizenship of the parties, which could require discovery on the membership of Insignia Assets, LLC. In Defendant Anthony Brown's Memorandum of Law in Opposition to Plaintiffs' Motion by Order to Show Cause to Remand to State Court (Dkt. 29) (hereinafter "Brown's Opposition"), Brown argues that Plaintiffs have not met their burden to show that Insignia Assets is a Tennessee citizen through competent proof of its members. (Dkt. 29 at 12). Specifically, Brown notes that additional information would be required to determine Insignia Assets' citizenship, and that the appropriate course of action is either to require Plaintiffs to submit the operative ownership documents or to allow Defendant Brown to conduct targeted jurisdictional discovery. *Id.* Accordingly, unlike Unseen Voices' Motion to Dismiss, Plaintiffs' challenge to subject-matter jurisdiction likely requires further discovery and argument.

In weighing these threshold issues then, the Court has before it (1) a simpler personal jurisdiction challenge; and (2) a complex challenge to subject-matter jurisdiction which will likely require further discovery and argument. Therefore, as the personal jurisdiction request is simpler, it would be proper for this Court to consider it first, rather than turn first to Plaintiffs' Remand.

Accordingly, the Court should grant Unseen Voices' Motion for Reconsideration, and rescind its ruling endorsing Plaintiffs' Letter Motion holding in abeyance all deadlines pending resolution of the Motion to Remand.

## IV.     Conclusion

For the foregoing reasons, Unseen Voices respectfully requests that the Court reconsider its ruling endorsing Plaintiffs' Letter Motion to Hold Deadlines in Abeyance Pending Resolution of the Motion to Remand and rescind its Memo Endorsement of that motion.

OGLETREE, DEAKINS, NASH,<br>
SMOAK & STEWART, P.C.

Dated:  February 11, 2026          By:     /s/ David P. Thatcher _____
                                           Marc Joseph Gansah
                                           1270 Avenue of the Americas
                                           24th Floor
                                           New York, New York 10020
                                           212-492-2500

                                           David P. Thatcher (pro hac vice)
                                           600 Peachtree Street, N.E.
                                           Suite 4300
                                           Atlanta, Georgia 30303
                                           404-881-1300

                                           Attorneys for Unseen Voices, Inc.

## **WORD COUNT CERTIFICATION**

Pursuant to Local Rules 7.1(c) and Your Honor's Individual Practices, I state and certify that this document contains 1,369 words and that this document complies with the word count limit set forth in the above Rules and Practices.

>*/s/ David P. Thatcher*
>David P. Thatcher
>
>*Attorney for Unseen Voices, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2026, the foregoing Motion for Reconsideration was filed via this Court's electronic filing system and served upon counsel of record for Plaintiffs:

Alyssa Florence
Steven Cooper
Victoria L. Jaus
**Reed Smith LLP**
599 Lexington Avenue
New York, New York 10022
aconn@reedsmith.com
scooper@reedsmith.com
vjaus@reedsmith.com

*Counsel for Plaintiffs*

                         */s/ David P. Thatcher*
                         David P. Thatcher

                         *Attorney for Unseen Voices, Inc.*