UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
          :
NORMAN KOFY GYAMFI, et al.,         :
         :
       Plaintiffs,      :
         :    26-CV-0265 (JAV)
   -v-     :
         :    OPINION AND ORDER
ANTHONY BROWN, et al.,         :
         :
      Defendants.     :
         :
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

On January 12, 2026, Defendant Unseen Voices, Inc. ("Unseen Voices") removed this action from the Supreme Court of the State of New York, County of New York ("New York County Supreme Court"), pursuant to 28 U.S.C. § 1441(a). ECF No. 1 ("Notice of Removal"). On January 20, 2026, Plaintiffs sought entry of an order to show cause to remand this action to state court and made an application for reasonable attorney fees incurred for the filing of this motion. ECF No. 12 ("Pl. Mot."). This Court issued an order to show cause why this matter should not be remanded to state court for lack of subject matter jurisdiction on January 30, 2026. ECF No. 24 ("Order to Show Cause"). On February 3, 2026, Defendant Anthony Brown ("Brown") filed a motion opposing remand and Plaintiffs' request for reasonable attorney fees. ECF No. 29 ("Brown Opp'n"). Unseen Voices does not dispute remand to state court, but objects to Plaintiffs' request for reasonable attorney fees. ECF No. 30 ("Unseen Voices Resp."). The Court concludes that it

does not have subject matter jurisdiction over this matter, and that remand to the New York County Supreme Court pursuant to 28 U.S.C. § 1447(c) is therefore appropriate. Plaintiffs' application for attorney's fees and costs is DENIED.

## BACKGROUND

Plaintiffs Norman Kofi[1] Gyamfi ("Gyamfi"), Insignia Holding Company, Inc. ("Insignia Holding"), and Insignia Assets, LLC ("Insignia Assets") filed this action in New York County Supreme Court on December 8, 2025, alleging a breach of restrictive covenants entered into by Brown through an earlier settlement agreement. Notice of Removal, Ex. A at 11-13. The complaint was filed in New York state court pursuant to the settlement agreement's choice of law and forum clauses. Pl. Mot. at 4.

Plaintiff Insignia Assets is a Delaware limited liability company ("LLC") comprised of five members: Erik J. Gaines and Philip Thornton, domiciled in Tennessee; Jonathan "Jon" Jay and Ron Hill, domiciled in Georgia; and Plaintiff Norman Kofi Gyamfi, domiciled in South Carolina. ECF No. 14 ("Gyamfi Decl."), ¶¶ 6-9 (listing Plaintiff LLC members and their states of domicile); Pl. Mot. at 2. Defendant Unseen Voices is a Delaware corporation with its principal place of business in Tennessee. Notice of Removal, ¶ 18. The parties dispute whether Brown was domiciled in Georgia, as Plaintiffs contend, or Tennessee, as Defendants contend, when the complaint was filed. *Compare* Pl. Mot. at 2-5 ("During the course of [another pending action], Brown and his counsel have repeatedly confirmed that Brown is a

---

[1] The Court notes that Plaintiff Gyamfi's name appears to be misspelled in the case caption. Pls. Mot. at 1 n.1.

2

resident of Georgia . . . .") *with* ECF No. 18 ("Def. Mot. to Dismiss") at 3 ("Brown currently resides in the State of Tennessee and has lived there continuously since May 2025.").

On January 12, 2026, Defendant Unseen Voices removed this action from New York state court to this Court pursuant to 28 U.S.C. § 1441.  Notice of Removal at 3-4.  Defendant asserts that this Court has subject matter jurisdiction over this dispute because "it is a civil action in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states."  Notice of Removal, ¶ 10.  At the time of filing, and as relevant here, Unseen Voices asserted that, "[u]pon [its] information and belief, no member of Insignia Assets, LLC is a citizen of Delaware or Tennessee."  *Id.*, ¶ 16.

On January 20, 2026, Plaintiffs filed an application for an order to show cause to remand to New York state court pursuant to 28 U.S.C. 1447(c) and 1446(b)(2)(A).  Pl. Mot. at 1.  Plaintiffs claimed that this Court lacks subject matter jurisdiction over this action because complete diversity is lacking among the parties and because removal was procedurally defective.  *Id.*; *see also* 28 U.S.C. §§ 1332(a), 1447(c).  Plaintiffs' application is supported by Plaintiff Gyamfi's declaration, stating in relevant part that Insignia Assets has five members who are respectively domiciled in South Carolina, Georgia, and Tennessee.  *See* Gyamfi Decl., ¶¶ 7-8.

On January 30, 2026, this Court issued an order to show cause why this matter should not be remanded to state court for lack of diversity among the parties.  Order to Show Cause at 2.  In so doing, the Court observed that, irrespective of the dispute

3

over Defendant Brown's citizenship, the filings taken together indicate that complete diversity of citizenship is absent. Order to Show Cause at 2.

On February 3, 2026, Defendants Brown and Unseen Voices filed separate responses to Plaintiffs' remand motion. Unseen Voices does not refute that diversity is lacking and argues only that the Court should deny Plaintiffs' fees and costs request due to Defendant's reasonable basis for seeking removal. Unseen Voices Resp. at 8-9, 11. Defendant Brown also contends that fees and costs should be denied and further argues that "Plaintiffs' have not met their burden to show that Insignia Assets is a Tennessee citizen through competent proof of its members and their citizenship." Brown Opp'n at 12.

## LEGAL STANDARD

Section 1332 provides for diversity jurisdiction over civil actions where—as relevant here—the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "Diversity jurisdiction requires complete diversity: no plaintiff and no defendant may be citizens of the same state." *Agoliati v. Block 865 Lot 300 LLC*, No. 22-51, 2023 WL 405769, at *1 (2d Cir. Jan. 26, 2023). For these purposes, a party's citizenship is set at the time the suit commences. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 574 (2004).

Under section 1332(a), a natural person's citizenship is determined by his domicile, demarcated as "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Agoliati*, 2023 WL 405769 at *1 (quotation marks omitted) (quoting

*Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d. Cir. 2000)). A corporation is a citizen of every state in which it is incorporated, and where it has its "principal place of business." 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). It is well established that for purposes of diversity jurisdiction, a limited partnership has the citizenship of each of its general and limited partners. *See, e.g., Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000) (collecting cases). LLCs may then be citizens of multiple states. *See Strother v. Harte*, 171 F. Supp. 2d 203, 205 (S.D.N.Y 2000) ("For purposes of diversity jurisdiction, a limited liability company has the citizenship of *each* of its members." (emphasis added)).

"In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991), *superseded on other grounds by Contino v. United States*, 535 F.3d 124, 127 (2d Cir. 2014). The party asserting diversity jurisdiction bears the burden of proving that all parties are diverse. *Pa. Pub. Sch. Emp.s' Ret. Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 118 (2d Cir. 2014); *see also Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) ("[J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it."). The removing party must prove jurisdiction by a preponderance of evidence. *Platinum-Montaur Life Scis., LLC v.*

*Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019); *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003). If at any time during the pendency of a case it appears that subject matter jurisdiction is lacking, federal district courts must remand it to state court. *See* 28 U.S.C. § 1447(c).

## DISCUSSION

The issue presented here is whether Defendant Brown has made a sufficient showing that complete diversity exists among the parties. Namely, whether Brown has "shown affirmatively," by a preponderance of evidence, that no plaintiffs and no defendants are citizens of the same state. *Drakos*, 140 F.3d at 131; *see also Agoliati*, 2023 WL 405769 at *1. If not, the Court lacks subject matter jurisdiction and must remand the case to the New York County Supreme Court. *See* 28 U.S.C. § 1447(c).

The Court finds that Defendant Brown has failed to prove by a preponderance of the evidence that complete diversity exists. For diversity jurisdiction purposes, a person's citizenship is determined by their state of domicile. *Agoliati*, 2023 WL 405769 at *1. It is well established that a limited liability company, as a limited partnership, "takes the citizenship of all of its members." *Platinum-Montaur*, 943 F.3d at 617; *See also, e.g., Handelsman*, 213 F.3d at 51-52 (collecting cases). An LLC's citizenship then is that of its members' domiciles.

As Defendants themselves aver, Defendant Brown is a citizen of Tennessee. Notice of Removal, ¶ 17; ECF No. 19 ("Gansah Decl."), Ex. G at 82 ("Brown Decl."), ¶ 5. Defendant Unseen Voices, a Delaware corporation with its principal place of

6

business in Tennessee, is a citizen of both Delaware and Tennessee. Notice of Removal, ¶ 18.

Plaintiffs submitted a declaration from Norman Kofi Gyamfi, detailing the identity and domiciles of the members of Insignia Assets at the time the suit was filed in state court. Gyamfi Decl., ¶¶ 7-8. These members are Erik J. Gaines and Philip Thornton, domiciled in Tennessee; Jonathan "Jon" Jay and Ron Hill, domiciled in Georgia; and Norman Kofi Gyamfi, domiciled in South Carolina. *Id*; *See also* Pl. Mot. at 2. Accordingly, Plaintiffs argue that Insignia Assets shares citizenship with both Defendants, destroying the complete diversity required for this Court's subject matter jurisdiction. Pl. Mot. at 6-8.

Defendant Brown does not dispute this jurisdictional syllogism. Rather, Brown argues that the declaration itself is "conclusory," a "bare assertion," and insufficient proof of citizenship for the purposes of diversity jurisdiction. Brown Opp'n at 10-12 ("On this record, Plaintiffs have not met their burden to show that Insignia Assets is a Tennessee citizen through competent proof of its members and their citizenship."). A declaration under penalty of perjury is, however, admissible evidence. And the attestation regarding the identities of its members and their respective citizenships is hardly conclusory.

In this case, moreover, Defendant Brown is the party opposing remand. "As the party invoking federal jurisdiction, it [is Defendant's] burden to establish the existence of diversity jurisdiction." *Platinum-Montaur*, 943 F.3d at 617. To that

7

end, Defendant offers little to show that complete diversity exists in the face of clear indications otherwise.

Defendant first points to a prior statement made by Gyamfi in a separate Georgia action between the parties, wherein Plaintiff Gyamfi states that he and Jonathan Jay own Insignia Assets with "some more small, partial owners" who are "not relevant." ECF No. 30 ("Freed Decl."), Ex. E at 5. On its face, this statement does not contradict Gyamfi's more recent declaration detailing all members of Insignia Assets. Those with small interests may not be "relevant" for purposes of the day-to-day operations of the LLC, yet all members are relevant for purposes of assessing diversity jurisdiction. Moreover, this statement was made in February 2025, over nine months prior to the instant action's filing in state court. As citizenship is determined at the time of commencement of the action, *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 574 (2004), the make-up and domicile of Insignia Assets' members could have changed in that window.

Defendant then references "publicly available information" indicating that Eric Gaines is listed as Insignia Assets Chief Strategy Officer and Phillip Thornton as its Executive Vice President. Brown Opp'n at 11; Freed Decl., ¶ 20. Defendant argues that "[a]n individual's role as an officer, executive, or employee is not evidence of LLC membership." Brown Opp'n at 11. While that may be true, it is irrelevant to the circumstances in this case. Plaintiffs do not assert Insignia Assets' citizenship, and thereby refute complete diversity, through publicly available

information. Instead, they offer a sworn declaration to that end by its "managing member," Plaintiff Gyamfi. Gyamfi Decl., ¶¶ 2, 6-9.

Defendant Brown has not met his burden to establish that diversity of citizenship existed among the parties at the time of this suit's commencement. As such, the Court lacks subject matter jurisdiction over this case and must remand to state court in accordance with 28 U.S.C. § 1447(c).

The Court now turns to Plaintiff's request for costs, including attorney fees. Courts "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" when the action is remanded. 28 U.S.C. § 1447(c). "The Supreme Court has determined that awards of attorneys' fees under § 1447(c) are subject to an 'objective reasonableness test.'" *Dela Rosa v. 610-620 W. 141 LLC*, No. 08-CV-8080 (PKL), 2009 WL 1809467, at *4 (S.D.N.Y. June 24, 2009). According to that test, "absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Defendant Unseen Voices has demonstrated it had an objectively reasonable basis for believing that complete diversity existed between the parties. Accordingly, the Court declines to award attorney fees.

## **CONCLUSION**

For the reasons stated herein, it is hereby ORDERED that this matter is REMANDED to the Supreme Court of the State of New York, County of New York. The Clerk of Court is directed to send a copy of this Order to the Supreme Court of

9

the State of New York, County of New York, terminate all pending motions, and close this action.

    SO ORDERED.

Dated: February 11, 2026
      New York, New York

                                           JEANNETTE A. VARGAS
                                          United States District Judge